**VALLEY NATIONAL BANK OF LONG ISLAND, Appellant,**

v.

**William B. CAMP, Acting Comptroller of the Currency, and the Chase Manhattan Bank (National Association), Appellees.**

No. 20501.

United States Court of Appeals
District of Columbia Circuit.

Argued March 1, 1967.

Decided April 12, 1967.

Petition for Rehearing en banc
Denied May 19, 1967.

Mr. John D. Hawke, Jr., Washington, D. C., with whom Mr. Charles R. Halpern, Washington, D. C., was on the brief, for appellant.

Mr. Robert V. Zener, Attorney, Department of Justice, with whom Messrs. David G. Bress, U. S. Atty., and David L. Rose, Attorney, Department of Justice, were on the brief, for appellee Camp.

Mr. William E. Jackson, New York City, for appellee Chase Manhattan Bank (National Association).

Before BURGER, WRIGHT and TAMM, Circuit Judges.

PER CURIAM.

This appeal presents for our consideration construction of a New York banking statute not heretofore interpreted by the courts of that state. Realizing that in due course an authoritative interpretation doubtless will be forthcoming from that source, we do not undertake an extensive analysis of the New York banking laws in general or of Section 105(1) (b) of the New York Banking Law,[1] in particular. We simply hold that on its face Section 105(1) (b) states that "a bank or trust company with its principal office in a city with a population of more than one million [New York City] may open and occupy one or more branch offices in any county adjoining such city if such county has a population of more than seven hundred thousand [Nassau County] * * *." Since the unincorporated area of Nassau County in which Chase Manhattan seeks to open a branch is not "in a city or village with a population of one million or less in which is already located the principal office of another bank, trust company or national banking association," neither Section 105(1) (b) of the New York Banking Law nor Section 7 of the National Bank Act[2] would seem to interpose a bar to its establishment.

Affirmed.

---

1. Section 105(1) (b) (McKinney's Consol. Laws, c. 2, Supp.1966) in pertinent part reads:

"1. No bank or trust company or officer, director, agent or employee thereof, shall transact any part of its usual business of banking at any place other than its principal office, except as follows:

\* \* \* \* \*

"(b) a bank or trust company may open and occupy a branch office or branch offices in any city or village located in the banking district in which is located its principal office, provided, however, that *a bank or trust company with its principal office in a city with a population of more than one million may open and occupy one or more branch offices in any county adjoining such city if such county has a population of more than seven hundred thousand;* and further, provided, however, that any bank or trust company whose principal office is located in a county with a population of more than seven hundred thousand and which county adjoins a city with a population of more than one million may open and occupy one or more branch offices in such adjoining city whether or not such city is located entirely within one banking district, provided in no event shall a branch be opened and occupied pursuant to this paragraph (b) *in a city or village with a population of one million or less in which is already located the principal office of another bank, trust company or national banking association * * *."* (Emphasis added.)

2. Section 7, 12 U.S.C. § 36(c) (1964), in pertinent part reads:

"(c) A national banking association may, with the approval of the Comptroller of the Currency, establish and operate new branches: * * * (2) at any point within the State in which said association is situated, if such establishment and operation are at the time authorized to State banks by the statute law of the State in question by language specifically granting such authority affirmatively and not merely by implication or recognition, and subject to the restrictions as to location imposed by the law of the State on State banks. * * *"